IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE ANTONIO OLIVAS, JESUS ACUÑA,
EDUARDO ARAUJO, CARLOS
GONZALEZ, JOSE GRANADA, REFUGIO
LOPEZ, GABINO MELENDEZ, JESUS
MONTELONGO, GUADALUPE MORENO,   CIV No. 02-824 MV/LCS
SOCORRO PALOMINO, LUIS
TALAMANTES, JOSE TECOMAHUA,
ANGEL TORRES, JOSE LUIS
VERDUZCO, and LUIS ZAMAGO,

       Plaintiffs,

vs.

JUAN CIGARROA, BUDDY THARP,
and ROD THARP,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Other Appropriate Relief **[Doc. No. 2]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

### BACKGROUND

Plaintiffs Jose Antonio Olivas, Jesus Acuna, Eduardo Araujo, Carlos Gonzalez, Jose Granada, Refugio Lopez, Gabino Melendez, Jesus Montelongo, Guadalupe Moreno, Socorro

Palomino, Luis Talamantes, Jose Tecomahua, Angel Torres, Jose Luis Verduzco, and Luis Zamago are seasonal or migrant agricultural workers, who claim to have performed agricultural labor for Defendants Buddy Tharp and Rod Tharp ("Tharp Defendants") during the 2000, 2001, and 2002 growing seasons. They further allege that Defendant Juan Cigarroa served as a contractor in their employment relationship with the Tharp Defendants. In their Complaint, Plaintiffs seek relief for violations of the Fair Labor Standards Act, the Agricultural Workers Protection Act, Section 50-4-31 of the New Mexico Statutes, as well as breach of contract. This Memorandum Opinion and Order addresses only the allegations regarding Section 50-4-31. Specifically, Plaintiffs allege that the Tharp Defendants failed to provide long-handled hoes for weeding or thinning the fields in direct violation of Section 50-4-31.

On July 11, 2002, Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Other Appropriate Relief **[Doc. No. 2]**, seeking immediate relief from performing agricultural labor without long-handled hoes. The Court held a hearing on July 17, 2002, at which time it declined to grant a Temporary Restraining Order due to concerns about the legal sufficiency of Plaintiffs' request for relief. In light of these concerns, the Court ordered the parties to submit supplemental briefing with regard to Plaintiffs' claims under Section 50-4-31. Pursuant to the Court's Order, on July 23, 2002, Plaintiffs submitted their Brief Requesting a Preliminary Injunction **[Doc. No. 6]** and Defendants filed a Memorandum Concerning Issue of Legislative Intent **[Doc. No. 5]**. Because the Court did not grant a Temporary Restraining Order, the Court will address Plaintiffs' request as a motion for a preliminary injunction.

## STANDARD

The district court may grant a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (citations omitted). "Because a preliminary injunction is an 'extraordinary remedy . . . the right to relief must be clear and unequivocal.'" *Id.* at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).

## DISCUSSION

Plaintiffs claim that they are entitled to a preliminary injunction because (1) they have established a substantial likelihood of success on the merits due to evidence regarding the lack of long-handled hoes while weeding or thinning crops, the resultant injuries from that labor, and the legislative purpose behind the passage of Section 50-3-41; (2) they would suffer irreparable harm should the practice of not providing long-handled hoes continue; (3) the permanent injury to Plaintiffs outweighs any economic loss to Defendants resulting from the use of long-handled hoes; and (4) the injunction would further the public interest in ensuring the safety and well-being of farm workers in New Mexico.  The Court finds, however, that Plaintiffs have failed to satisfy the first requirement of a preliminary injunction—a substantial likelihood of success on the merits; therefore, it cannot grant Plaintiffs' request for a preliminary injunction.

The crux of this matter is whether or not Plaintiffs have a viable claim under Section

50-4-31, which provides:

> An employer of agricultural laborers shall not require an employee to use a hoe that has a handle shorter than four feet while performing agricultural labor that includes weeding, thinning or hot-capping in a stooped, kneeling or squatting position for a commercial farming operation.

N.M. Stat. Ann. § 50-4-31(A) (Michie 2000).  At first glance, it would seem that Defendants' employment practice falls under Section 50-4-31 because Plaintiffs are agricultural laborers who weed and thin Defendants' crops, which are part of a commercial farming operation.  However, the distinguishing factor is that Defendants do not require Plaintiffs to use a hoe that has a handle shorter than four feet.  Indeed, Defendants do not permit Plaintiffs to use any hoes at all.  Thus, the question before the Court is whether Section 50-4-31, which prohibits the use of short-handled hoes, places an affirmative obligation on agricultural employers to provide long-handled hoes for all weeding, thinning, and hot-capping.

Plaintiffs have submitted various documents in support of their contention that Section 50-4-31 prohibits all agricultural labor *by hand*, but none of them are availing because they all concern the widely condemned use of short-handled hoes.  For example, in support of the legislation that enacted Section 50-4-31, Representative Miguel Garcia stated that "the short-handled hoe is an instrument of torture . . . .  Prolonged use of the short-handled hoe leads to permanently bent and crippled backs, and ruined lives . . . ."  (Plaintiff's Brief Requesting a Preliminary Injunction Ex. 5.)  None of the documents submitted by Plaintiffs support the prohibition of agricultural labor when no tools are used.

Yet, on the other hand, Defendants persuasively argue that the New Mexico legislature had no intention of affirmatively requiring the use of long-handled tools in all agricultural labor.

For instance, the New Mexico state regulations define "hand-labor operations" as "agricultural activities or operations performed *by hand* or with hand tools . . . ." N.M. Admin. Code. tit. 11, § 5.4.8(B)(3) (2002) (emphasis added). Additionally, another New Mexico state regulation expressly permits "hand weeding" as a legitimate method of weed control. N.M. Admin. Code. tit. 21, § 17.58.10(E) (2002). Thus, under New Mexico law, agricultural activities by hand are a cognizable form of legitimate agricultural labor.

## CONCLUSION

By denying Plaintiffs' request for a preliminary injunction, the Court has no intention of trivializing the back-breaking nature of Plaintiffs' labor or the severity of their injuries. The Court was deeply troubled by the expert testimony of Dr. Francisco Crespin and some of the plaintiffs during the hearing in July. Nonetheless, the Court does not have the authority to grant preliminary relief for a seemingly invalid claim regardless of the injuries suffered. The Court may, however, reconsider Plaintiffs' request if they rely upon a more sufficient legal basis in their claims.[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Other Appropriate Relief **[Doc. No. 2]** is hereby **DENIED**.

---

[1] Because Defendants have answered Plaintiffs' Complaint **[Doc. No. 7]**, Plaintiffs are advised that they must request leave from the Court before amending their Complaint.

Dated this 8th day of October, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorneys for Plaintiffs</u>:
Olga Pedroza, Esq.
Maria M. Laverde, Esq.

<u>Attorney for Defendants</u>:
Matthew P. Holt, Esq.